## FRAU *v.* CANALS.

### APPEAL in cassation from a judgment rendered by the District Court of Arecibo.

No. 22.—Decided February 18, 1903.

APPEAL.—FINAL JUDGMENT.—An appeal in cassation lies only from the final judgment.

ID.—EXCLUSION OF IMPERTINENT EVIDENCE.—The exclusion of impertinent interrogatories does not deprive a party of his defence, and an appeal for error of procedure does not lie.

### STATEMENT OF THE CASE.

On the 21st day of February, 1901, Doña Amelia Frau y Vázquez who, on the 26th of June, 1899, contracted a cannonical marriage with Don Pedro A. Canals, a record of the same having been made in the Civil Register, both parties to the marriage being natives of Mallorca, filed suit for divorce, against her said husband on the ground of ill-treatment, consisting in his intemperance and inconsiderate conduct towards her which ill treatment had been aggravated by his failure in the first place to give her the attention that it was his duty to give in the illness which she contracted through his inconsiderate conduct, and for having abandoned her afterwards, refusing to provide the medicines which she needed, and which resulted in her illness reaching an alarming stage. Don Pedro Canals in answering the complaint alleged, by way of a dilatory exception, that the court lacked jurisdiction to try the case, basing the same on the fact that both the plaintiff and defendant were foreigners, on which ground he prayed the District Court of Arecibo to hold that it was without jurisdiction to try the case, and to refuse to take cognizance thereof, and that the proceedings should be sent through the Spanish Consul in this Island to the Spanish ecclesiastical courts; and taking up the main point at issue in the case contested the complaint, asking that the same be dismissed because there was no legitimate cause for divorce, and because a divorce could not dissolve.

improcedente en cuanto al vínculo, aún en el caso de que existiera la causa expresada.

*Resultando:* que el Tribunal de Distrito de Arecibo, en la primera sesión del juicio oral que tuvo lugar en 22 de Julio del año expresado, dictó auto declarándose competente para conocer del pleito; y continuada la tramitación del mismo y siendo materia de pruebas el hecho de que Doña Emilia Frau había contraido la enfermedad de que padecía, por contacto carnal con su esposo Don Pedro A. Canals, éste formuló pliego de posiciones que había de absolver aquélla, entre las cuales figuran las marcadas con los números 3, 4 y 18, que literalmente dicen así :

"III.—Ser verdad que cuando contrajo matrimonio era tan inocente, candorosa y pura, que por delicadezas de su pudor, durante los dos primeros días de casada, negóse á realizar actos carnales con su marido".

, "IV.—Ser cierto que al tercer día de la boda, por primera vez, efectuó la cópula carnal con su cónyuge, quien aquel mismo día tuvo que marchar á San Juan, quedando la declarante en la casa de su señora madre".

"XVIII.—Ser cierto que cuando era soltera padecía de irregularidades mestruales ó sean trastornos en la presentación del período": habiendo declarado el expresado Tribunal, impertinentes dichas posiciones en la sesión del juicio que tuvo lugar el día 8 de Octubre del propio año 1901, contra cuya declaratoria de impertinencia protestó la defensa de Canals.

*Resultando:* que el Tribunal de Arecibo, por sentencia de 31 de Enero del año próximo pasado, declaró con lugar la demanda de divorcio interpuesta por Doña Emilia Frau Vázquez contra su esposo Don Pedro A. Canals, y en su consecuencia, disuelto el matrimonio de ambos cónyuges, con las costas al demandado, haciendo además, otros pronunciamientos de que no es necesario hacer mérito.

*Resultando:* que la representación de Don Pedro A. Canals interpuso ante el referido Tribunal recurso de casación por infracción de ley contra el auto de 22 de Julio, por el que se declaró competente para conocer del presente pleito: recurso de casación contra la sentencia de 31 de Enero por quebrantamiento de forma, fundado en el caso 5 del artículo 1,691 de la Ley de Enjuiciamiento Civil, por haber dicho Tribunal

the marriage tie even if such cause did exist.  The District
Court of Arecibo, at the first session of the hearing held on
the 22nd of July of the aforesaid year, made an order de-
claring that it had jurisdiction to try the case; and the trial
thereof having been proceeded with, and evidence having
been introduced showing that the disease from which Doña
Amelia Frau was suffering had been contracted by carnal
intercourse with her husband Don Pedro A. Canals, the
said Canals prepared interrogatories to which the said
Amelia Frau should reply, among which are to be found
interrogatories marked numbers 3, 4 and 18, which read as
follows:

"III.—Whether it is true that when she married she was so innocent,
honest and pure, that on account of her bashfulness, during the first two days
after the marriage she refused to have sexual intercourse with her husband."

"IV.—Whether it is true that the third day after the wedding was the first
time that she had carnal connection with her husband, who on that same day
was obliged to leave for San Juan, the deponent remaining at the house of
her mother".

"XVIII.—Wheter it is true that when she was a single girl she suffered
from irregularities of menstruation or in the presentation of the monthly
period". The said court declared the foregoing interrogatories to be imper-
tinent, in its session held on the 8th of October, 1901, against which ruling
counsel for Canals protested.

The Arecibo Court by a judgment rendered on the 31st
of January of the year last passed sustained the complaint
filed by Doña Amelia Frau y Vazquez asking for a divorce
from her husband Don Pedro A. Canals, and accordingly
declared the marriage dissolved with the costs against defen-
dant, and making futher declarations to which it is not
necessary for us to refer.  Counsel for Don Pedro A. Canals
took an appeal in cassation for error of law, from the order
entered on the 22nd of July, by which the court held that
it had jurisdiction to try the case; he also took an appeal in
cassation from the judgment rendered on the 31st of January,
for error of procedure based on paragraph 5 of article 1691
of the Law of Civil Procedure, because the court declared

declarado impertinentes las preguntas 3ª, 4ª y 18ª de las posiciones que debió absolver Doña Emilia Frau y que encajan dentro de la letra y espíritu de los artículos 564 y 580 de la Ley de Enjuiciamiento Civil, pues esa declaratoria envuelve denegación de diligencia de prueba que indudablemente produce indefensión, ya que la parte recurrente se prometía quedara evidenciada su inocencia, mediante la absolución de dichas posiciones; y también recurso de casación por infracción de ley contra la misma sentencia, cuyos recursos le fueron admitidos por auto de 26 de Febrero del año último.

*Resultando :* que recibidos los autos en este Tribunal Supremo y personada la parte recurrente, le fueron entregados por término de veinte días á los efectos del recurso de casación por quebrantamiento de forma, y al devolverlos formalizó el recurso de casación por infracción de ley contra el auto de 22 de Julio de 1901, por si la sala estimaba que se viera antes, por constituir una excepción dilatoria, y á la vez reprodujo el de quebrantamiento de forma contra la sentencia pronunciada, haciendo constar que pidió la subsanación de la falta al denegársele la diligencia de prueba de que se trata, y formuló la consiguiente protesta.

Abogado del recurrente : *Sr. Alvarez Nava.*

Abogado del recurrido : *Sr. Texidor.*

Fiscal del Tribunal Supremo : *Sr. del Toro.*

EL JUEZ ASOCIADO Sr. SULZBACHER, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal :

*Considerando :* que contra el auto de 22 de Julio de 1901, que dictó el Tribunal de Distrito de Arecibo declarándose competente para conocer del pleito, no procede recurso de casación, pues éste solo se dá contra la sentencia pronunciada en el juicio, según así se desprende de la regla 62 de la Orden General No. 118, serie de 1899, al disponer en su último inciso que si la resolución fuere denagatoria de la excepción dilatoria alegada, continuará, sin demora alguna, la celebración del juicio en lo relativo á las demás pruebas propuestas

impertinent the third, fourth and eighteenth interrogatories to which Doña Amelia Frau should have replied, which interrogatories come within the letter and the spirit of Articles 564 and 580 of the Law of Civil Procedure, since the said ruling involves a refusal to hear evidence which undoubtedly deprives a party of his defence, inasmuch as the appellant promised that his innocence should be proved by the replies to said interrogatories, and also he took an appeal in cassation for error of law, from the said judgment; which appeals were allowed by order of the 26th of February of last year. The record having been received in this Supreme Court and the apellant having entered his appearance the record was delivered to him for a term of twenty days for the purposes of the appeal in cassation for error of procedure, and upon returning the said record he perfected his appeal in cassation for error of law, from the order of the 22nd of July, 1901, in order that the same might be ready in case the court should see fit to hear it first in view of the fact that it involved a dilatory exception, and at the same time he again presented his appeal for error of procedure from the judgment aforesaid, making it appear of record that he asked for the correction of the defect constituted by the refusal of the trial court to hear the evidence referred to, and that he accordingly entered his exception to the said ruling.

*Mr. Alvarez Nava,* for Appellant.

*Mr. Texidor,* for Respondent.

*Mr. Del Toro,* Fiscal of the Supreme Court.

MR. JUSTICE SULZBACHER, after making the above statement of facts, delivered the following opinion of the Court.

The appeal in cassation from the order of July 22, 1901, rendered by the District Court of Arecibo declaring that it had jurisdiction to try the case does not lie, since such an appeal is only given from a final judgment rendered in a case, as is inferred from the language of Section 62 of General Order No. 118, Series of 1899, which provides in its

acerca de la cuestión litigiosa; sin que por ello quede privada la parte de todo recurso contra aquella resolución, en casos como el de autos, toda vez que contra la sentencia definitiva cabe recurso de casación por infracción de ley ó por quebrantamiento de forma, por razón de jurisdicción, en los casos que establecen los artículos 1690, No. 6 y 1691, No. 6, de la Ley de Enjuiciamiento Civil.

*Considerando:* que las posiciones declaradas impertinentes por el Tribunal sentenciador merecen realmente tal calificación, pues cualquiera que hubiera sido el resultado de las mismas, en el caso de que hubieran sido absueltas por la demandante, no hubieran influido en el resultado del pleito, y menos hubieran podido producir indefensión, por lo que es improcedente el recurso por quebrantamiento de forma, como comprendido en el No. 5 del artículo 1691 de la ley citada.

*Fallamos:* que debemos declarar y declaramos no haber lugar á resolver el recurso de casación por infracción de ley interpuesto contra el auto de 22 de Julio de 1901, y declaramos sin lugar el de quebrantamiento de forma interpuesto contra la sentencia definitiva pronunciada, con los costas á cargo de Don Pedro A. Canals; comuníquese esta resolución al Tribunal de Distrito de Arecibo y dése cuenta oportunamente para sustanciar el recurso por infracción de ley, interpuesto contra la misma sentencia.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y MacLeary.

last paragraph that if the order should overrule the dilatory exception, the court shall proceed with the trial of the case without any delay whatever, and hear the other evidence proposed bearing on the litigated points; but a party is not thereby deprived of an appeal from such order in cases like the one at bar involving a question of jurisdiction, since an appeal in cassation for error of law or for error of procedure, lies from a final judgment in the cases provided for by articles 1690, paragraph 6, and 1691, paragraph 6, of the Law of Civil Procedure. The interrogatories held by the trial court to be impertinent should in fact have been so declared, since whatever might have been the result thereof, in case they had been replied to by the plaintiff, would not have influenced the result of the suit, and much less could their exclusion have deprived a party of his defence; for which reason the appeal for error of procedure provided for in paragraph 5 of article 1691 of the law referred to, does not lie.

We should declare, and to declare, that the appeal in cassation for error of law taken from the order of the 22nd of July, 1901, cannot be decided, and we declare that the appeal for error of procedure taken from the final judgment does not lie, and tax the costs against Don Pedro A. Canals. This decision will be communicated to the District Court of Arecibo and the appeal for error of law taken from the same judgment will be called in due time for the disposition thereof.

Messrs. Chief Justice Quiñones and Associate Justices Hernández, Figueras and MacLeary, concurred in the foregoing opinion.